UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| HARES AHMADZAI,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ALEX VILLANUEVA, et al.,<br><br>　　　　　Respondents. | No. CV 19-01718-CAS (JDE)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

On March 8, 2019, Petitioner Hares Ahmadzai ("Petitioner"), a pretrial detainee, filed a Petition for Writ of Habeas Corpus purportedly pursuant to 28 U.S.C. §§ 2241 and 2254. Dkt. 1 ("Petition" or "Pet."). As best the Court can discern, Petitioner challenges a February 2019 mental competency determination in his pending criminal case, arguing that the physician who rendered an earlier opinion regarding his competency was unqualified; he has not been arraigned; he was falsely arrested; and he is being prosecuted based on false testimony.

Pursuant to Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, the Court must: (1) review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not

entitled to relief; (2) dismiss the Petition. Here, the Petition appears subject to dismissal in accordance with Younger v. Harris, 401 U.S. 37 (1971).

## I.
## RELEVANT PROCEDURAL HISTORY

Petitioner alleges that he was arrested on May 11, 2018. Pet. at 4 (CM/ECF pagination). Since then, Petitioner has appeared before the state court multiple times, but the allegations in the Petition regarding the dates and nature of these hearings are confusing and contradictory. Based on the Court's review of the Los Angeles County Superior Court's online docket, Petitioner is presently charged with a violation of Cal. Penal Code § 211, but has not yet been tried or convicted of this charge. Los Angeles County Superior Court, Criminal Case Summary at www.lacourt.org.[1]

Petitioner contends that he is currently being detained at the Men's Central Jail pending his transfer to "Gateways Hospital." Pet. at 1-2. Petitioner alleges that on February 6, 2019, the superior court ordered a mental competency evaluation pursuant to Cal. Penal Code § 1368. See id. at 2, 10-11. Based on Petitioner's allegations, it appears this is the second evaluation being performed in this matter. Id. at 11-12.

## II.
## THRESHOLD JURISDICTIONAL ISSUE

As federal courts are courts of limited jurisdiction, the petitioner bears the burden of establishing that his case is properly in federal court. See

---

[1] Courts may take judicial notice of the existence of court filings and another court's orders. See Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)).

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, Petitioner filed this action as a petition pursuant to both 28 U.S.C. §§ 2241 and 2254.

Section 2254(a) confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Section 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) (citation omitted). "[T]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment-for example, a defendant in pre-trial detention or awaiting extradition." Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted); see also McNeeley v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (as amended) (concluding that a pretrial detainee's speedy trial claim "falls under 28 U.S.C. § 2241"). Accordingly, because Petitioner has not yet sustained a state court conviction on the presently pending robbery charge, Section 2241 applies, not Section 2254.

## III.
## YOUNGER ABSTENTION IS APPROPRIATE

"Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried." Fritz v. Cty. of Los Angeles CA, 2012 WL 5197971, at *2 (C.D. Cal. Oct. 18, 2012) (citing Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-93 (1973); McNeeley, 336 F.3d at 824 n.1; Mannes v. Gillespie, 967

F.2d 1310, 1312 (9th Cir. 1992)). As the Supreme Court has explained, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489.

In this case, Petitioner's allegations fail to meet these requirements. Under the Younger abstention doctrine, a federal court will not intervene in a pending state criminal proceeding absent extraordinary circumstances. Younger, 401 U.S. at 43-54. Younger abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 617 (9th Cir. 2003). Younger abstention applies to both attempts to preclude and/or stay criminal prosecutions and attempts to obtain more limited or piecemeal intervention in state criminal actions. See, e.g., Kugler v. Helfant, 421 U.S. 117, 130 (1975) (federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions); Dubinka v. Judges of the Superior Court of Cal. for the Cty. of L.A., 23 F.3d 218, 223 (9th Cir. 1994) (a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

Here, all of the Younger criteria are present. First, Petitioner's state court proceedings are ongoing. Petitioner is in pretrial custody awaiting a competency evaluation. Second, a state's task of enforcing its laws against socially harmful conduct is "important and necessary," Younger, 401 U.S. at 51-52, and as such, the state proceedings implicate important state interests. Third, the issues Petitioner raises in the instant Petition, if cognizable, can be raised in his pending criminal case and on appeal should he be convicted. Thus, he has an opportunity to raise his constitutional claims in state court. As such, this Court must abstain from intervening in the ongoing state criminal

4

proceedings absent extraordinary circumstances. See Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005).

Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass, or are based on "flagrantly and patently" unconstitutional state rules, or where some other extraordinary circumstance is present. See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435-37 (1982). Additionally, irreparable injury alone is insufficient to warrant federal intervention unless the irreparable injury is both great and immediate. See Younger, 401 U.S. at 46. Here, it does not appear that the circumstances of Petitioner's case fall within any recognized exception to the Younger doctrine.

The Court further notes that, although there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). Here, it appears Petitioner has not sought any relief from the February 2019 decision in the California Court of Appeal or California Supreme Court. Given Petitioner's failure to seek any relief in the state courts, considerations of comity and federalism preclude Petitioner from proceeding to federal court without first exhausting his claims in state court. See Fritz, 2012 WL 5197971, at *4 ("Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate.").

For the foregoing reasons, it appears that Younger abstention is appropriate in this case. See Smith v. Superior Court of California, 2019 WL 249536, at *2 (E.D. Cal. Jan. 17, 2019); Fritz, 2012 WL 5197971, at *4.

## IV.
## CONCLUSION

Accordingly, Petitioner is ORDERED to show cause, in writing, by no later than thirty (30) days from the date of this Order, why the Petition should not be dismissed as premature pursuant to the Younger abstention doctrine. **Alternatively, Petitioner may dismiss this action by signing and returning the attached Notice of Dismissal under Federal Rule of Civil Procedure 41(a).**

Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in a recommendation that this action be dismissed pursuant to the Younger abstention doctrine, as well as for failure to prosecute and failure to comply with a Court order.

Dated: March 13, 2019

/s/ John D. Early
JOHN D. EARLY
United States Magistrate Judge